UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARRELL EUGENE SMITH,

      Plaintiff,

v.                                    Case No.  2:25-cv-504-KCD-NPM

SGT. POTTER,

      Defendant.

                                          /

## <u>ORDER</u>

Before the Court is Defendant Lieutenant Joseph Potter's motion to dismiss. (Doc. 18.) For the reasons below, the motion is **GRANTED** in part and **DENIED** in part. Potter must now answer the complaint within twenty-one days.

## I. Procedural History and Complaint

Plaintiff is a prisoner at Desoto Correctional Institution. His amended complaint is presently before the Court. (Doc. 11.) Plaintiff generally claims that Potter used excessive force against him for no reason.

These are the relevant facts from the operative complaint, which are accepted as true at this point: On June 8, 2021, Plaintiff was released from administrative confinement. (*Id.* at 5.) He was still "in fear for his life" at the time and told prison officials G. Alvarez and Sgt. Westberry of his concern. (Id.) Alvarez told Plaintiff to return to his dorm. (*Id.*) Plaintiff refused this

order and stayed at the gate. Westberry approached Plaintiff and also told him to go to his dorm. *(Id.* at 6.) Plaintiff told Westberry that he feared for his life, but Westberry ignored him and walked away. (*Id.*) Plaintiff remained standing at the center gate. (*Id.*)

Potter then approached and asked Westberry if he planned to "mace" him. (*Id.*) Westberry told Plaintiff to put down his property and place his hands behind his back. (*Id.*) Plaintiff assumed he was going back into administrative confinement for protective management. (*Id.* at 6-7.) Instead, Westberry told Potter to escort him to H-Dorm, a general population area. (*Id.* at 7.) Plaintiff stopped walking and told Potter that he would not go to the dorm. (*Id.*) Potter replied, "yes, you are," put his left leg in front of Plaintiff, and "body slammed" him into the concrete. (*Id.*)

Plaintiff claims that he "sustained multiple physical injuries" from Potter's use of force, including bruises on the left side of his head and knee, dizziness, and migraine headaches. (*Id.* at 13.) He seeks declaratory, compensatory, and punitive damages. (*Id.* at 14.)

Potter now moves to dismiss, wrapping himself in the twin shields of Eleventh Amendment and qualified immunity, while also arguing that Plaintiff's story, even if true, does not add up to a legal claim. (Doc. 18.) Plaintiff filed a response in opposition to the motion. (Doc. 27.)

## II. Legal Standards

In evaluating a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). This includes all reasonable inferences from the allegations. *Stephens v. Dep't of Health & Hum. Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). But factual allegations must be more than speculative:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1] Likewise, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

alleged." *Id*. A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level.

### III. Discussion

### A. Plaintiff's official-capacity claims are barred by the Eleventh Amendment.

Plaintiff sues Potter in his individual and official capacities. (Doc. 11 at 9.) But an official-capacity claim against an FDOC official or employee is simply a claim against the FDOC. And the FDOC is a state agency for Eleventh Amendment purposes. *See, e.g., Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes").

Under the Eleventh Amendment, states and state agencies cannot be sued for monetary damages in federal court without consent. *Pennhurst State School & Hospital v. Halderman*, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether the claims are brought under federal or state law. *Id.* Neither Florida nor the FDOC has consented to suit in federal court, or waived Florida's Eleventh Amendment immunity for the types of claims raised in Plaintiff's complaint. Thus, he cannot sue Potter in his official capacity, and all official capacity claims are dismissed.

### B. Plaintiff has stated an Eighth Amendment claim for excessive force.

The core inquiry in an Eighth Amendment excessive force claim is whether force was applied in a "good faith effort to maintain or restore discipline" or "maliciously or sadistically" to cause harm. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). The following must be considered to answer that question: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the extent of the plaintiff's injury; (4) "the threat to the safety of staff and inmates"; and (5) "any efforts made to temper the severity" of the force. *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007).

Here, Plaintiff alleges that Potter body slammed him for no reason. Even these sparse facts state an individual-capacity Eighth Amendment claim for excessive force. The Court recognizes that Plaintiff admits to disobeying direct orders from Westberry and Alvarez. But whether cause thereafter existed for the amount of force used, and the extent of any resulting injury, are questions of fact that may be disputed in a motion for summary judgment or at trial but cannot be considered at this stage where the Court is limited to the pleadings. *See St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### C. Potter is not entitled to qualified immunity.

"Qualified immunity shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was

clearly established at the time of the challenged action." *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). Thus, qualified immunity applies unless the plaintiff establishes: "(1) that the [alleged facts] show that the official committed a constitutional violation and, if so, (2) that the law, at the time of the official's act, clearly established the unconstitutionality of that conduct." *Singletary v. Vargas*, 804 F.3d 1174, 1180 (11th Cir. 2015).

In the Eleventh Circuit, qualified immunity is generally unavailable in cases alleging Eighth Amendment excessive force because the use of force maliciously and sadistically to cause harm is clearly established as a constitutional violation. *See Skrtich v. Thornton*, 280 F.3d 1295, 1303-04 (11th Cir. 2002). What is more, it was well-settled that using significant force against a restrained inmate for no reason is unconstitutional, even if no serious injury results. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). And, as noted above, while Plaintiff admits that he refused to comply with Potter's order, further factual development is necessary to determine whether Potter "maliciously and sadistically engaged in force disproportionate to the need to enforce compliance with [those] directives." *Sconiers v. Lockhart*,

6

946 F.3d 1256, 268 (11th Cir. 2020). Thus, at this stage of litigation, Potter is not entitled to qualified immunity on Plaintiff's excessive force claim.[2]

### D.   Plaintiff's claims against Westberry are time barred.

In his latest complaint, Plaintiff names Westberry as a defendant for the first time. (Doc 11 at 3.)[3] However, he did not provide his amended complaint to prison officials for mailing until August 11, 2025. (*Id.* at 1.) Florida has a four-year statute of limitation for § 1983 claims. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Thus, Plaintiff was required to file his claims by June 8, 2025—four years after Potter's alleged use of excessive force.

Rule 15(c) of the Federal Rules of Civil Procedure allows for the relation back of amendment to the original filing date if the new pleading adds or amends the name of a party and the amendment relates to the same "conduct, transaction, or occurrence" as the original complaint and the added party "received . . . notice of the action" during the service of process period and "knew . . . the action would have been brought against it, but for a mistake concerning

---

[2] Potter may re-assert a qualified immunity defense as the case moves beyond the pleadings and the record is more fully developed. *See Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1289 (11th Cir. 2000).

[3] Westberry has not been served with process and defense counsel for Potter does not argue on Westberry's behalf. However, the Prison Litigation Reform Act requires a court to screen complaints filed by prisoners against government employees as early as possible in the litigation. The Court must dismiss any portion of the complaint that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or that states no claim upon which relief can be granted. 28 U.S.C. § 1915(b)(1), (2). The Court may sua sponte dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

the proper party's identity." Fed. R. Civ. P. 15(c)(1). Although the new claims relate to the same occurrence as the original complaint, the Court cannot conclude that Westberry knew he would have been named as a defendant but for Plaintiff's mistake. Plaintiff waited until three days before the end of the limitations period to file his original complaint and was aware of Westberry's role in the incident and his proper identity. Plaintiff discussed Westberry in the original complaint, yet deliberately chose not to name him as a defendant. Plaintiff has not met the relation back requirement, and any claims against Westberry are time-barred.

Moreover, Plaintiff does not allege that Westberry used excessive force against him. Rather, he argues that Westberry's decision to send him to the general population prompted him (Plaintiff) to disobey two direct orders which led to Defendant Potter's use of force. But it is well established that a prisoner does not have the right to housing of his choice. *See, e.g., Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984) ("[A]n inmate has of course no constitutional right to the cellmate ... of his choice."); *Cole v. Benson*, 760 F.2d 226, 227 (8th Cir. 1985) (recognizing that inmates do not have a constitutional right to their choice of cells or cellmates). That Plaintiff informed Westberry of his fear of placement in the open population does not change that he was not automatically entitled to protective custody and was not entitled to disobey the corrections officials' direct orders. In short, Plaintiff's allegation of subjective

fear is insufficient to state an Eighth Amendment claim against Westberry for failure to protect. *See Marbury v. Warden*, 936 F.3d 1227, 1234, (11th Cir. 2019). Plaintiff has not stated a cognizable § 1983 claim against Westberry, even if such claim was not barred by the statute of limitations.

Accordingly, it is **ORDERED**:

1. Potter's motion to dismiss (Doc. 18) is **GRANTED in part and DENIED in part**. The motion is denied as to Plaintiff's excessive force claim against Defendant Potter and otherwise granted.

2. Defendant Westberry is **DISMISSED** from this action under 28 U.S.C. § 1915(e)(2)(B).

3. Defendant Potter shall answer the amended complaint within **TWENTY-ONE (21) DAYS** from this Order.

**ENTERED** in Fort Myers, Florida on January 30, 2026.

Kyle C. Dudek
United States District Judge

9